MUNICIPALITY OF ST. THOMAS AND ST. JOHN,
Plaintiff

v.

OMAR BROWN, Defendant

Civil No. 200 - 1953

---

MUNICIPALITY OF ST. THOMAS AND ST. JOHN,
Plaintiff

v.

AIMEE ESTORNEL, Defendant

Civil No. 201 - 1953

---

MUNICIPALITY OF ST. THOMAS AND ST. JOHN,
Plaintiff

v.

JACOB M. PAULUS, Defendant

Civil No. 202 - 1953

District Court of the Virgin Islands
Div. of St. Thomas and St. John
at Charlotte Amalie

June 25, 1954

*Same case on appeal, see p. 529, this volume.*

CROXTON WILLIAMS, Assistant District Attorney, *for plaintiff*

MAAS AND BAILEY (WILLIAM W. BAILEY, of counsel), *for defendants*

MOORE, *Judge*

The motion for new trial brought by the Municipality came on for hearing on March 17, 1954, with Croxton Williams, Assistant District Attorney, representing the Municipality and Maas & Bailey, William W. Bailey, Esquire, of counsel, representing the defendants Omar Brown, Aimes Estornel and Jacob M. Paulus. After the hearing briefs were submitted on the questions raised therein. These issues were all discussed in the original opinion of the Court and the Court being of the same view now

renders this supplemental opinion to make clear the basis of its holding and consequent denial of the motion for new trial.

The loans made to Halvor Stridiron by the Municipality and evidenced by notes endorsed by the three defendants herein might be called statutory loans, having been made pursuant to a particular statute, called an "Ordinance to Help Native Industries and Small Businesses in the Municipality of St. Thomas and St. John," approved November 23, 1945 (Bill No. 123; 33 V.I.C. § 4001 note). This Ordinance does not abrogate the Negotiable Instruments Law of the Code (1921) of Laws for the Municipality (Title II, ch. 34, §§ 120, 124, 125; 11 V.I.C. §§ 182, 186, 187). Nor are the two laws inconsistent. The Ordinance to Help Native Industries is a special statute covering a special type of loans and merely imposes additional conditions applicable to loans made under it. The Negotiable Instruments Law applies, inter alia, to the general class of promissory notes, such as we have before us in this case. Therefore, the notes in issue are governed by the provisions of both laws, in so far as they do not conflict.

The special terms and conditions of this loan are determined by the provisions of section 4 of the Ordinance to Help Native Industries. This section is clear and unambiguous, and the Court is of the opinion that its provisions and terms are mandatory upon the Municipality or its agent administering the law. While it is true that the mere use of the word "shall" in section 4 is not determinative of the mandatory nature of the statute, the word "shall" is ordinarily imperative and in order to be construed as permissive there must be evidence of clear legislative intent to that effect. See 82 C.J.S., Statutes, sec. 380. "Whether a statute is mandatory or directory depends on whether the thing directed to be done is of the

essence of the thing required or is a mere matter of form . . . " 82 C.J.S. 872, Statutes sec. 376. The statutory provision in controversy relates to the conditions of loans and the terms of repayment. These cannot be said to be immaterial or matters of form; they involve rights and duties, i.e., matters of substance. The fact that no penalty is attached for failure to comply with these provisions does not detract from the mandatory nature of the provision. Mandatory statutes are generally for the protection of the public interest or of third persons. The presence or absence of a penalty is not the test.

█ The provisions of section 4 inured to the benefit of the endorsers and they had a right to expect that these provisions would be carried out and complied with by the Municipality or its agent charged with administering the ordinance. But further, the notes endorsed by the defendants specified that payments were to be made in ten installments every six months from a specific date. The failure of the Municipality to perform the conditions imposed by statute and upon which terms the notes were drawn cannot be excused on the ground that under the Negotiable Instruments Law it is optional with the holder of an installment note to demand payment when the installments become due or to wait until the entire note matures. That option is not available to the Municipality in respect to notes payable under the Ordinance to Help Native Industries. Under this ordinance the Municipality, who is the holder, is required to demand from the maker payment of fixed installments every six months. It is clear that the holder is under a duty to make some kind of demand or attempt to collect from the maker, the person primarily liable, as provided by law, and the endorsers or persons secondarily liable had a reasonable right to expect that this duty would be fulfilled.

██ ██ This duty of the Municipality could not be excused by the endorsers. Their waiver of their rights to presentment, demand, protest and notice of protest as against themselves in the event that the maker failed to pay after demand upon him, as required by statute, did not and could not release the Municipality of its duty under the statute. The duty imposed by the statute was for the protection of municipal funds as well as for the protection of the endorsers, and the endorsers are entitled to expect and demand that that duty be carried out, and if it is not they have a valid defense to any action on the notes by the Municipality.

██ The Court is also of the opinion that both the Negotiable Instruments Law and the statute here involved are framed in terms of the exercise of due diligence by the holder of notes and that under both of these statutes the Municipality failed to exercise that due diligence. The Municipality failed to make regular, or any, demand of Stridiron, the maker of the notes; it failed to give defendants notice of Stridiron's default on the installments; it failed to see to it that Stridiron complied with any of the statutory purposes of the loan; and it failed to notify or to proceed against the endorsers promptly after Stridiron's departure from the jurisdiction in May, 1949. The Municipality's negligence in these respects impaired the endorsers' remedies against the maker and it cannot be allowed to take advantage of its own negligent acts. Rules of diligence applicable to negotiable instruments are designed for the security of parties secondarily liable thereon and where the holder has not exercised such diligence he may not invoke the arm of the law against endorsers, who are thereby injured by the holder's negligence.

There is no question that defendants waived their rights to presentment, demand, protest and notice of protest

at maturity. But there is also no question that they did not and could not waive their rights under the statute or the Municipality's duties under the statute.

The statute contained a number of provisions for the protection of the government and of endorsers, some of which were discretionary, other of which were mandatory. The terms and conditions of payment were stated in mandatory terms and all intents and purposes indicate that it was not intended that it should be within the power of the government to vary the terms of payment therefrom. Therefore, when the endorsers signed the waiver, they did so with the knowledge of the statute as to terms of payment and as to the other means of security available to the Municipality, and they had a right to believe that they were well protected and that their waiver of presentment, demand, and notice did not negate the obligations or the powers of the Municipality as set forth in the statute.

■ As to the interpretation of the waiver, much emphasis has been laid by counsel for the Municipality on the words "at maturity". The Court understands the waiver to mean merely that when the note as a whole fully matured the endorsers waived any right to presentment, demand, or notice to themselves at that time and subjected themselves to suit thereon. The Court does not understand their waiver to mean that they, the endorsers, waived the duty of the Municipality to make presentment and demand on the maker at the end of each statutory period of six months, since failure to make payments at these times and failure of the Municipality to make demand therefor impaired the position of the endorsers.

The motion for new trial is, therefore, denied and order in favor of defendants may be drawn in accordance with this opinion.